Filed 5/31/24  McGee v. Auto Plus Towing CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ANTHONY McGEE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>AUTO PLUS TOWING,<br><br>    Defendant and Respondent. | A168642<br><br>(Alameda County<br>Super. Ct. No. 22-CV-021498) |

Appellant Anthony McGee secured a default judgment against respondent Auto Plus Towing but contends that he should have been awarded more money.  In this memorandum opinion, we dismiss the appeal as untimely.[1]

This dispute arose in February 2022 after Auto Plus towed and impounded McGee's car for the Oakland Police Department.  Auto Plus sold the car in a lien proceeding after McGee failed to pay the towing and storage fees, but McGee had reason to believe that the car remained registered in his name.

---

[1] A memorandum opinion disposes of cases that raise "no substantial issues of law or fact," including appeals that raise "factual issues that are determined by the substantial evidence rule."  (California Standards of Judicial Administration, section 8.1.)

1

Proceeding without an attorney, McGee sued Auto Plus for negligence, fraud, auto theft (or conversion), and forgery in November 2022. After Auto Plus did not answer the complaint, McGee requested a default, which was entered in January 2023.[2] McGee then requested a court judgment and sought $150,000, the amount specified in his complaint.

Following an unreported prove-up hearing, the trial court concluded that Auto Plus was negligent in failing to timely transfer title from McGee to the new owner. It ordered Auto Plus to pay McGee $500 in damages, and it further ordered the towing company to provide McGee with written proof that the title of the car had been transferred and was no longer in McGee's name.

On March 17, the court entered an "ORDER re: Judgment." After summarizing the evidence, the order states, "Having heard and considered all the evidence, the court finds JUDGMENT as follows." A certificate of mailing shows that the judgment was mailed to McGee on March 20.

The next day, on March 21, McGee filed a "Motion for Judgment Nun[c] Pro Tunc to Correct Clerical Mistake." (Emphasis omitted.) He "implore[d] the Court to reconsider" the decision to award him only $500 and said he was instead entitled to the $150,000 he sought in his complaint. The court denied McGee's motion by order dated June 23. McGee appealed on July 17.

If an appeal is untimely an appellate court lacks jurisdiction and *must* dismiss the appeal on its own motion even if untimeliness is not raised by the parties. (*Estate of Hanley* (1943) 23 Cal.2d 120, 123.) A party must file a notice of appeal 60 days after the clerk of the superior court serves a notice of entry of the judgment. (Cal. Rules of Court, rule 8.104(a)(1)(A).)[3] Here, the record indicates that the default judgment was mailed on March 20, which

---

[2] All further date references are to the 2023 calendar year.

[3] All rule references are to the California Rules of Court.

means the normal deadline to appeal was May 19, a date that transpired long before McGee filed his notice of appeal on July 17.

McGee's March 21 motion did not render the appeal timely. True, the deadline to file a notice of appeal is extended when, before the deadline, a party files "a valid notice of intention to move–or a valid motion–to vacate the judgment." (Rule 8.108(c).) McGee's March 21 motion, while differently titled, was essentially such a motion because it asked the court to vacate the default judgment and enter a new judgment with higher damages. But McGee's appeal was still untimely. When a party files a motion to vacate, the deadline to appeal from the judgment is extended until the earliest of: (1) 30 days after an order denying the motion is served (here, July 28), (2) 90 days after the first notice of intention to move (or motion) is filed (here, June 20, which was 91 days since June 19 was a holiday, rule 1.10(a)–(b)), or (3) 180 days after entry of judgment (here, September 13). (Rule 8.108(c)(1)–(3).) The earliest of these three dates was June 20, nearly a month before McGee filed his notice of appeal. The result is the same even if we were to construe McGee's motion as a motion for reconsideration. (Rule 8.108(e)(1)–(3) [same deadlines as rule 8.108(c)].)

The appeal is dismissed. Each party shall bear their own appellate costs.

3

_____

Humes, P.J.


WE CONCUR:



_____

Langhorne Wilson, J.



_____

Siggins, J.*




     *Retired Associate Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*McGee v. Auto Plus Towing*  A168642